UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GENE ALLEN, #76542 <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF NEVADA, *et al.*, <br><br> Defendants. | 3:09-cv-00274-LRH-RAM <br><br> **ORDER** |

On September 3, 2009, plaintiff filed a document entitled "motion for reconsideration" (docket #18) and on September 23, 2009, he filed a document entitled "motion to vacate the order of the court" (docket #19). This action was dismissed without prejudice on August 25, 2009 (docket #15) because plaintiff, who is subject to the "three strikes" provision of 28 U.S.C. § 1915(g), failed to obey this court's order denying his application to proceed *in forma pauperis* and directing him to pay the full filing fee in order for his case to proceed (*see* docket #12). Accordingly, this case is closed.

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence

> which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In its order of July 17, 2009, the court denied plaintiff's application to proceed *in forma pauperis* pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), and directed plaintiff to pay the full filing fee within thirty days (docket #12). Plaintiff failed to pay the filing fee, and his complaint was dismissed without prejudice by this court's order dated August 25, 2009 (docket #15). Plaintiff has failed to make any showing under either Rule 60(b) or 59(e) that this court's order dismissing the action should be reversed.

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (docket #18) is **DENIED**.

///
///
///
///

**IT IS FURTHER ORDERED** that plaintiff's motion to vacate the order of the court (docket #19) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall file no further documents in this closed case. Further attempts to file documents in this case shall be stricken.

DATED this 26th day of August, 2010.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE